```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

RANDALL DON DILL                    )
                                    )
              Plaintiff,            )
                                    )
                                    )  Case No. CIV-20-443-JFH-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
              Defendant.            )
```

### REPORT AND RECOMMENDATION

Plaintiff Randall Don Dill (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge recommends that the Commissioner's decision be AFFIRMED.

### Claimant's Background

The Claimant was 40 years old at the time of the ALJ's decision. He completed two years of college and has worked in the past as an HVAC service technician. The Claimant alleges his inability to work began on November 2, 2017. He initially claimed that this inability stemmed from a tear in the front left side of his hip, arthritis in his spine, and a blown disc in his back.

1

**Procedural History**

On April 8, 2018, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. The Claimant's application was initially denied and was denied upon reconsideration. The Claimant filed a request for a hearing, which was held on March 4, 2020, in Tulsa, Oklahoma, in front of ALJ B.D. Crutchfield. ALJ Crutchfield entered an unfavorable decision on March 25, 2020. The Claimant requested a review by the Appeals Council. The Council denied this request on September 28, 2020. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the

that the Claimant had the following severe impairments: "degenerative disc disease of the lumbar spine status post l laminotomy and discectomy; and left hip degenerative joint disease and tear." (Tr. 13). The ALJ found that the Claimant's hypertension, obesity, left shoulder arthroplasty, degenerative disc disease of the cervical and thoracic spine, and left wrist tear were all nonsevere. (Tr. 13). Between steps three and four, the ALJ determined the Claimant had the residual functional capacity ("RFC") "to perform the full range of light work as defined in 20 CFR 404.1567(b). (Tr. 16). At step four, the ALJ determined the Claimant could not return to his past relevant work. (Tr. 29).

Even though the ALJ determined that the Claimant could perform light work, which would direct a determination of non-disabled, she still asked the vocational expert ("VE") if jobs existed in the national economy which the Claimant could perform based on the determined RFC. (Tr. 30; 67-69). The VE stated that the Claimant could perform work as a dining room attendant, booth cashier, and small product assembler. (Tr. 67-69). The ALJ found this testimony consistent with the Dictionary of Occupational Titles. Thus, he concluded that there were jobs available in the national economy

---

Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

that the Claimant could perform. (Tr. 30-31). Therefore, the Claimant was not disabled. (Tr. 31).

## Errors Alleged for Review

The Claimant asserts that the ALJ erred at step two of the sequential evaluation process because she failed to consider the entire record. The Claimant also believes that the ALJ erred at step five of the sequential evaluation process because she failed to consider Claimant's nonsevere impairments when she determined the RFC. Therefore, the hypothetical provided to the VE was incomplete, and the jobs the VE stated the Claimant could perform are erroneous.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was

supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**Review**

The Claimant asserts the ALJ erred by not properly considering all the Claimant's impairments at step two and when formulating the RFC. Specifically, the Claimant believes the ALJ should have included a separate diagnosis for Claimant's chronic pain and should have found that Claimant's shoulder and left wrist problems

5

were severe. The Claimant believes these errors at step two caused the ALJ not to consider all his impairments throughout the determination, and therefore, the decision must be reversed. The Court finds these assertions unpersuasive for the reasons outlined below.

The Claimant first contends that the ALJ erred at step two by failing to discuss her chronic pain and by finding that Claimant's shoulder and left wrist problems were nonsevere. This argument is unpersuasive because the ALJ did find at least one severe impairment. Thus, even if she made an error, the error is harmless and does not require reversal. *See e.g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008)("[n]evertheless, any error here became harmless when the ALJ reached the proper conclusion that [the claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence"); *Allman v. Colvin*, 813 F.3d 1326, 1330 (10th Cir. 2016)("the failure to find a particular impairment severe at step two is not reversible error when the ALJ finds that at least one other impairment is severe").

However, it is undisputed that the ALJ must consider all of a claimant's impairments — both severe and nonsevere — singly and in combination, when formulating a claimant's RFC. *See e. g., Carpenter*, 537 F.3d at 1266("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without

6

regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two].'") (quoting *Langley v. Barnhart*, 373 F.3d 1116, 1123–24 (10th Cir. 2004)); *see also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008)("In determining the claimant's RFC, the ALJ is required to consider the effect of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'")(emphasis in original) (citations omitted). The ALJ's opinion shows she fully considered all medical evidence. At step two, the ALJ cited the records related to the treatment of the Claimant's left shoulder and wrist. (Tr. 13). For the shoulder, the ALJ noted that the Claimant had surgery in June of 2019 and was released without restriction the following December. (Tr. 13; 971-73; 1000). For the left wrist she cited medical evidence which showed the Claimant received conservative treatment for it. (Tr. 13; 543-44; 547-48; 782). As for the chronic pain, there is no evidence, and the Claimant fails to point to any, to show that this was not considered as part of the degenerative disc disease and other impairments. (Tr. 13).

The ALJ also explained in her RFC determination why she chose not to include limitations related to the Claimant's wrist, shoulder, and chronic pain. (Tr. 24-26). She begins by summarizing the objective medical evidence, including the Claimant's treatment for these specific issues. (Tr. 18-24). For Claimant's wrist, the

7

ALJ noted that the wrist pain was mild and that Claimant had full range of motion. (Tr. 25; 29). She relied on multiple medical records, including an examination from June 2018, at which the wrist pain was found to be resolved. (Tr. 28; 547-48). She also considered the left shoulder and noted that the Claimant received surgery for it and was left with no restrictions. (Tr. 24; 29; 971-73; 1000). Based on this evidence the ALJ concluded that the Claimant needed no limitations based on these issues.

The Claimant's statement that the ALJ "ignored medical determinable impairments because Claimant has been diagnosed with them and received treatment for them" mischaracterizes the situation. The ALJ did not ignore the Claimant's pain. In fact, she discussed her reasons for not including limitations based on it, including the fact that the Claimant did receive relief through treatment. (Tr. 25; 772; 802-04; 845). Further, she considered the objective medical evidence, which showed the Claimant's pain was well managed, that he had full 5 out of 5 strength in his extremities, and could still perform light work. (Tr. 25, 26-27, 538, 833).

The ALJ's RFC, which limited the Claimant to light work, is also supported by the medical opinions of Dr. Karl K. Boatman, M.D. and Dr. Mohamed Kanaa, M.D. (Tr. 27). The ALJ found their opinions persuasive, providing an in-depth discussion of the supporting evidence and the opinions' consistency. (Tr. 27). In

8

fact, the Claimant points to no opinion which stated he should have limitations beyond light work.

Finally, the Claimant contends that the ALJ failed to include all his limitations in the hypothetical question posed to the VE. Specifically, he believes the hypothetical should have included limitations for his chronic pain, problems with his left shoulder, and problems with his left wrist. This is merely a rehashing of his former arguments. But, as set forth above, the ALJ did consider all impairments. Furthermore, the Claimant points to no medical evidence that would support a more limited RFC. Accordingly, the ALJ was not required to include additional limitations in her RFC assessment or in the hypothetical question posed to the VE. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("We have already rejected [the claimant's] challenges to the ALJ's RFC assessment. The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in h[er] RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision").

When all the evidence is considered, the Court is satisfied that the ALJ's conclusion that the Claimant could perform the assigned RFC is supported by substantial evidence. The ALJ noted the medical records in this case, gave reasons for her RFC determination, and ultimately found that the Claimant was not disabled. *See Hill*, 289 Fed. Appx. at 293 ("The ALJ provided an

extensive discussion of the medical record and the testimony in support of h[er] RFC finding. We do not require an ALJ to point to 'specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before [she] can determine RFC within that category.'") (quoting *Howard v. Barnhart*, 379 F.3d 945, 949(10th Cir. 2004)); *Corber v. Massanari*, 20 Fed. Appx. 816, 822 (10th Cir. 2001) ("The final responsibility for determining RFC rests with the Commissioner, and because the assessment is made based upon all the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ.") (citing 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946). The essence of the Claimant's appeal is that the Court should reweigh the evidence and reach a different result, which the Court simply may not do. *See e. g., Casias*, 933 F.2d at 800.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the Court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate

review of this decision by the District Court based on such findings.

DATED this 23rd day of September, 2022.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE